Marc V. Kalagian
Attorney at Law: 4460
Law Offices of Lawrence D. Rohlfing, Inc., CPC
12631 East Imperial Highway Suite C-115
Santa Fe Springs, CA 90670
Tel.: (562) 868-5886
Fax: (562) 868-8868
E-mail: rohlfing.office@rohlfinglaw.com

Leonard Stone
Attorney at Law: 5791
Shook and Stone, Chtd.
710 South 4th Street Las Vegas, NV 89101
Tel.: (702) 385-2220
Fax: (702) 384-0394
E-mail: Lstone@shookandstone.com

Attorneys for Plaintiff
Melanie Degidio

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MELANIE DEGIDIO,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 2:25-cv-01203-DJA<br><br>STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920; DECLARATION OF MARC V. KALAGIAN |

TO THE HONORABLE DANIEL J. ALBREGTS, MAGISTRATE JUDGE OF THE DISTRICT COURT:

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Melanie Degidio ("Degidio") be awarded attorney fees and expenses in the amount of one thousand eight hundred seventy-five dollars ($1,875.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920.  This

-1-

1 amount represents compensation for all legal services rendered on behalf of
2 Degidio by counsel in connection with this civil action, in accordance with 28
3 U.S.C. §§ 1920; 2412(d).

4 Degidio was the prevailing party in this matter and Degidio is an individual
5 whose net worth does not exceed $2,000,000 at the time the civil action was filed.
6 The position of the Commissioner was not substantially justified and an award of
7 fees is not unjust.

8 Under *Astrue v. Ratliff*, 130 S. Ct. 2521, 2528-29 (2010), EAJA fees
9 awarded by this Court belong to the Degidio and are subject to offset under the
10 Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Any EAJA fees
11 should therefore be awarded to Degidio and not to Degidio's attorney. Fees can be
12 made payable by check or electronic funds transfer (EFT).

13 If, after receiving the Court's order awarding fees and expenses under the
14 EAJA, the Commissioner (1) determines that Degidio has assigned her right to
15 EAJA fees to her attorney; (2) determines that Degidio does not owe a debt that is
16 subject to offset under the Treasury Offset Program, the EAJA fees will be made
17 payable to Degidio's attorney. However, if there is a debt owed under the Treasury
18 Offset Program, the remaining EAJA fees after offset will be paid by a check or
19 EFT made out to Degidio but delivered to Degidio's attorneys, Lawrence D.
20 Rohlfing, Inc., CPC pursuant to the assignment executed by Degidio. [1]

21 The retainer agreement containing the assignment by Degidio to counsel is
22 attached as exhibit 1. The firm's hours are attached as exhibit 2.

---

[1] The parties do not stipulate whether counsel has a cognizable lien under federal law against the recovery of EAJA fees and expenses that survives the Treasury Offset Program.

This stipulation constitutes a compromise settlement of Degidio's request for EAJA attorney fees and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Degidio and/or Marc V. Kalagian including Law Offices of Lawrence D. Rohlfing, Inc., CPC may have relating to EAJA attorney fees in connection with this action.

The parties further agree that the EAJA award is without prejudice to the right of Marc V. Kalagian and/or the Law Offices of Lawrence D. Rohlfing, Inc., CPC to seek attorney fees pursuant to Social Security Act § 206(b), 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA. See 28 U.S.C. § 2412(c)(1) (2006).

DATE: September 29, 2025        Respectfully submitted,

LAW OFFICES OF LAWRENCE D. ROHLFING, INC., CPC

BY: /s/ *Marc V. Kalagian*
Marc V. Kalagian
Attorney for plaintiff Melanie Degidio

DATED:        SIGAL CHATTAH
United States Attorney

/s/ *Angela Thornton-Millard*

ANGELA THORNTON-MILLARD
Special Assistant United States Attorney
Attorneys for Defendant FRANK BISIGNANO,
Commissioner of Social Security
(Per e-mail authorization)

**ORDER**

IT IS SO ORDERED:

DATE: 10/6/2025

THE HONORABLE DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

**DECLARATION OF MARC V. KALAGIAN**

I, Marc V. Kalagian, declare as follows:

1. I am an attorney at law duly admitted to practice before this Court in this case. I represent Melanie Degidio in this action. I make this declaration of my own knowledge and belief.

2. I attach as exhibit 1 a true and correct copy of the itemization of time in this matter.

3. I attach as exhibit 2 a true and correct copy of the retainer agreement with Melanie Degidio containing an assignment of the EAJA fees.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this September 30, 2025, at Santa Fe Springs, California.

/s/ *Marc V. Kalagian*
_____
Marc V. Kalagian

-4-

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 12631 East Imperial Highway, Suite C-115, Santa Fe Springs, California 90670.

On this day of October 2, 2025, I served the foregoing document described as STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Ms. Melanie Degidio
P O Box 128
Tonopah, NV 89049

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Santa Fe Springs, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of this court at whose direction the service was made.

**Marc V. Kalagian**          /s/ *Marc V. Kalagian*
TYPE OR PRINT NAME                    SIGNATURE

1

### CERTIFICATE OF SERVICE
### FOR CASE NUMBER 2:25-CV-01203-DJA

2

3    I hereby certify that I electronically filed the foregoing with the Clerk of the

4  Court for this court by using the CM/ECF system on October 2, 2025.

5    I certify that all participants in the case are registered CM/ECF users and

6  that service will be accomplished by the CM/ECF system, except the plaintiff

7

8  served herewith by mail.

9    /s/ Marc V. Kalagian

10   _____

11   Marc V. Kalagian
     Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Melanie Degidio

    Attorneys: Marc V. Kalagian, Lawrence Rohlfing
    Paralegals: Enedina Perez, Michelle Cruz

| Date | Subject | Author | Hours |
|---|---|---|---|
| 7/3/2025 | receipt and reivew of notice of reference/ direct assignment; option | EP | 0.3 |
| 7/14/2025 | 1696 retainer agreement to District Office for District Court new client | MC | 0.25 |
| 7/22/2025 | receipt nad review of appearance | EP | 0.1 |
| 8/18/2025 | receipt and review of order RE: IFP | EP | 0.1 |
| 8/19/2025 | Letter to client with DC status upon filing of complaint | EP | 0.4 |
| 9/2/2025 | receipt and review of appearance | EP | 0.1 |
| 9/2/2025 | receipt and reivew of CAR | EP | 0.5 |
| 9/11/2025 | Client letter re remand scope and process | MC | 0.4 |
| 9/25/2025 | AC Post Judgment letter (appeals council to remand) | EP | 0.3 |
| | Paralegal services at $179 | | 2.45 |

| Date | Subject | Author | Hours |
|---|---|---|---|
| 6/17/2025 | Review AC and ALJ Denial 6/17/2025 | LDR | 1 |
| 6/17/2025 | Client letter scope and terms of representation District Court on referral | LDR | 0.4 |
| 6/17/2025 | Fee Waiver Questionnaire | LDR | 0.2 |
| 6/17/2025 | review for NV DC | MVK | 0.4 |
| 7/1/2025 | Complaint Titles II & XVI, preparation of, and related papers (Nevada MVK) | LDR | 1.2 |
| 7/1/2025 | review and revise complaint for filing | MVK | 0.2 |
| 8/19/2025 | Order granting to proceed IFP with additional instructions | MVK | 0.1 |
| 9/2/2025 | client letter confirming agreement to remand on stipulation and TC | LDR | 0.5 |
| 9/2/2025 | review of COSS offer of remand and file | LDR | 0.3 |
| 9/3/2025 | preparation of email to ARC re: accepts offer | MVK | 0.15 |
| 9/8/2025 | Review the judgment 9/5/2025 | LDR | 0.05 |
| 9/25/2025 | preparation of EAJA package | LDR | 0.6 |
| 9/26/2025 | review of EAJA package offer to ARC | MVK | 0.15 |
| 9/26/2025 | preparation of request for authority | LDR | 0.4 |
| | preparation of EAJA stipulation and order | LDR | 0.4 |
| | Attorney services at $251.84 | | 6.05 |
| | TOTAL HOURS | | 8.5 |
| | LODESTAR | | $1,962.18 |

# SOCIAL SECURITY REPRESENTATION AGREEMENT

This agreement was made on June 17, 2025, by and between the Law Offices of Lawrence D. Rohlfing, Inc., CPC referred to as attorney and **Melanie Degidio**, S.S.N.      **4241**, herein referred to as Claimant.

1. Claimant employs and appoints Law Offices of Lawrence D. Rohlfing, Inc., CPC to represent Claimant as Melanie Degidio's Attorneys at law in a Social Security claim regarding a claim for disability benefits and empowers Attorney to take such action as may be advisable in the judgment of Attorney, including the taking of judicial review.

2. In consideration of the services to be performed by the Attorney and it being the desire of the Claimant to compensate Attorney out of the proceeds shall receive **25% of the past due benefits** awarded by the Social Security Administration to the claimant and auxiliaries or **such amount as the Commissioner may designate under 42 U.S.C. § 406(a)(2)(A) which is $9,200** whichever is **smaller**, upon successful completion of the case **at or before a first hearing decision from an ALJ**. If the Claimant and the Attorney are unsuccessful in obtaining a recovery, Attorney will receive no fee. This matter is subject expedited fee approval except as stated in ¶3.

3. The provisions of ¶ 2 only apply to dispositions at or before a first hearing decision from an ALJ. The fee for successful prosecution of this matter is **25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration**. Attorney shall petition for authorization to charge this fee in compliance with the Social Security Act for all time whether exclusively or not committed to such representation.

4. If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for that particular work. Client shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney.

5. Claimant shall pay all costs, including, but not limited to costs for medical reports, filing fees, and consultations and examinations by experts, in connection with the cause of action.

6. Attorney shall be entitled to a reasonable fee; notwithstanding the Claimant may discharge or obtain the substitution of attorneys before Attorney has completed the services for which he is hereby employed.

7. Attorney has made no warranties as to the successful termination of the cause of action, and all expressions made by Attorney relative thereto are matters of Attorney's opinion only.

8. This Agreement comprises the entire contract between Attorney and Claimant. The laws of the State of California shall govern the construction and interpretation of this Agreement except that federal law governs the approval of fees by the Commissioner or a federal court. Business and Professions Code § 6147(a)(4) states "that the fee is not set by law but is negotiable between attorney and client."

9. Attorney agrees to perform all the services herein mentioned for the compensation provided above.

10. Client authorizes attorney to pay out of attorney fees and without cost to client any and all referral or association fees to NONE not to exceed 25% of fees and without adding to any fees owed by Claimant.

11. The receipt from Claimant of ___none___ is hereby acknowledged by attorney to be placed in trust and used for costs.
    It is so agreed.

_Melanie Degidio_                            *Marc V. Kalagian*
_____                         *Lawrence D. Rohlfing*
Melanie Degidio                              _____
Signature                                    Law Offices of Lawrence D. Rohlfing, Inc., CPC
                                             Lawrence D. Rohlfing
                                             *Marc V. Kalagian*